**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK16-81745 |
| | ) | |
| ANDREW MICHAEL RIECK and | ) | |
| SUGEL MAGDALENA PEREZ, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |
| LODWIG ENTERPRISES, INC.; | ) | |
| KEEFE LODWIG; BONITA LODWIG; | ) | Adv. Proc. NO. A17-8005 |
| And DEREK LODWIG; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| ANDREW MICHAEL RIECK and | ) | |
| SUGEL MAGDALENA PEREZ, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT PRETRIAL STATMENT**

COME NOW the Plaintiffs, Lodwig Enterprises, Inc., Keefe Lodwig, Bonnie Lodwig, and Derek Lodwig, by and through his counsel, Kathryn J. Derr, and the Defendants, Andrew Reick and Sugel Perez, through their counsel, Mark J. LaPuzza, and submit this Joint Preliminary Pre-Trial Statement.

**1. Plaintiffs' Theory of the Case.** This adversary proceeding is an action seeking to recover monies from Defendants pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6). Defendant Andrew Rieck ("Rieck") was employed by Lodwig Enterprises, Inc. from and after 2009 to early 2016 as the comptroller/chief financial officer. Plaintiffs are alleging that Rieck occupied a position of trust and acted in a fiduciary capacity for Lodwig Enterprises, Inc. In his position at Lodwig Enterprises, Rieck had control of all financial records, bank accounts, and credit cards of Lodwig Enterprises, Inc., some of which were personally guaranteed by Keefe Lodwig and/or

Bonnie Lodwig. In addition, Rieck had possession and control of credit cards held by Keefe Lodwig, Bonnie Lodwig and Derek Lodwig. From and after 2009, Rieck, in concert with Defendant Sugel Perez, unlawfully diverted monies from Lodwig Enterprises, Inc., Keefe Lodwig, Bonnie Lodwig and Derek Lodwig for their personal benefit.

2. **Defendants' Defenses.** Defendants' primary defense is that no personal gain arose from any transaction complained of by Plaintiffs. Defendants assert that each and every transfer to the accounts of the Defendants, their relatives, and any related entities, were, without exception, reimbursement for expenses incurred on behalf of Plaintiff, Lodwig Enterprises.

Defendants further assert that one or more of the Plaintiffs is not a real party-in-interest to this transaction. Keefe Lodwig and Bonita Lodwig have filed a Chapter 11 Petition with this Court and, as such, claims are or may be property of the bankruptcy estate.

Defendants guaranteed debts of Lodwig Enterprises under representations by Plaintiffs that Defendants would be made an owner of the Company. The bankruptcy of Defendants in this case was caused, in substantial part, by the actions of third-party creditors to enforce debts of Lodwig Enterprises against Mr. Rieck as Guarantor. To the extent that Mr. Rieck has been damaged by collection of such debts, or holds any right of offset or reimbursement related thereto, such claims constitute an offset in defense to claims of the Plaintiffs.

3. **Statement of Core or Non-Core**: This is a core proceeding, pursuant to 28 U.S.C. Section 157(b)(2)(I).

4. **Consent to Entry of Final Order**. The parties hereby consent to entry of a final order or judgment by a bankruptcy judge.

5. **No demand for a jury trial has been made.**

6. **Summary of uncontroverted facts**:

    A.    Defendants Andrew Rieck and Sugel Perez, at all times relevant herein, were and are husband and wife.

    B.    Lodwig Enterprises, Inc. is a Nebraska corporation.

    C.    Keefe Lodwig and Bonnie Lodwig are the only shareholders of Lodwig Enterprises, Inc.

    D.    Derek Lodwig is the son of Keefe Lodwig and Bonnie Lodwig.

    E.    Defendant Andrew Rieck was employed by Lodwig Enterprises as Comptroller/Chief Financial Officer.

    F.    During his employment with Lodwig Enterprises, Inc., Defendant Andrew Rieck had access to and exercised control over the financial records of the company, the company bank accounts, company 401k funds, company credit cards, the credit cards and the bank account of Keefe Lodwig, and the credit cards of Bonnie Lodwig and Derek Lodwig.

**7.    Summary of controverted facts and unresolved legal issues:**

    A.    Whether Defendants committed defalcation as a fiduciary, embezzlement or larceny against Plaintiffs, and caused damages to Plaintiffs.

    B.    Whether Defendants acted willfully and maliciously to injure Plaintiffs, and caused damages to Plaintiffs.

    C.    The amount of damages claimed by Plaintiff.

    D.    The nature and amount of claims of Defendant which may set off any claims of damages of Plaintiffs.

    E.    Standing of individual Plaintiffs as to claims which all or may be property of the respective bankruptcy estate.

**8.    Summary of the evidence**, e.g. witnesses, exhibits, and depositions to be relied upon to establish each of the controverted facts.

    **A.    Plaintiff's evidence**:

        **1.    Witnesses:** At this time discovery has not been completed. Therefore, Plaintiffs have not determined all the evidence they may offer at trial. Plaintiff believes it will call the following witnesses: Keefe Lodwig, Bonnie Lodwig, and Derek Lodwig; an expert witness (to be named at a later date), and the following additional witness(es): Kathy Jensen.

        **2.    Exhibits:** Plaintiffs expect to use as exhibits: evidence of transfers of funds to Defendants and their family members, including bank account statements, bank records of ACH transfers, the company 401k records, and copies of checks; documents produced by Defendants in response to Plaintiffs' requests for production of documents.

    **B.    Defendant's Evidence**:

        **1.    Witnesses:** At this time, discovery is not completed. Defendants have not identified all evidence which may be offered at trial. Expected witnesses are as follows:

Plaintiffs, Defendants, and expert witness(s) in fields of bookkeeping and accounting.

        **2.    Exhibits:** Discovery has not been completed. Exhibits to be used in defense of this case are dependent upon the claims and evidence of Plaintiffs. Defendants expect to identify bank records, credit card statements and agreements between Lodwig Enterprises related to any specific claim which may be raised by Plaintiffs. Defendants further expect to enter into evidence pleadings in the

>Chapter 11 bankruptcy proceeding of Defendants. To the extent produced in discovery, Defendants intend to further offer communications between the Plaintiffs and Defendants.

**9.    Discovery Deadlines**: Plaintiffs shall identify its testifying expert witnesses and respond to discovery regarding the same no later than November 1, 2017. Defendants shall identify their testifying expert witnesses and respond to discovery regarding the same no later than January 1, 2018. Discovery shall be completed by February 1, 2018.

**10.    Statement of the estimated number of hours require for trial:** 40

**11.    A statement of the date by which motions for summary judgment, if any, shall be filed:** Summary judgment motions shall be filed by May 1, 2018.

**12.    A statement of the date, after the deadline for filing motions for summary judgment, by which counsel will be prepared for trial:** May 15, 2018.

**13.    A statement of the date by which parties will confer on scheduling a mediation:** December 1, 2017.

The parties request that the court convene a final pre-trial conference at least 30 days prior to trial. They agree to exchange exhibit and witness lists prior to that pre-trial conference.

Dated this 22nd day of May 2017.

        LODWIG ENTERPRISES, INC., KEEFE LODWIG,
        BONNIE LODWIG, and DEREK LODWIG, Plaintiffs

By: */s/ Kathryn J. Derr*
    Kathryn J. Derr (NE# 19275)
    Berkshire and Burmeister
    1301 75th St. Suite 100
    Omaha, NE 68124
    402-827-700
    kderr@berkshire-law.com

        ANDREW MICHAEL RIECK and SUGEL
        MAGDALENA PEREZ, Defendants.

By: /s/ Mark J. LaPuzza
    Mark J. LaPuzza, #22677
    Pansing Hogan Ernst & Bachman, LLP
    10250 Regency Circle, Suite 300
    Omaha, Nebraska 68114
    (402) 397-5500
    mjlbr@pheblaw.com